**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**DIANE TANNER,**

                          **Plaintiff,**                    **No. _____**

**-against-**
                                                             **COMPLAINT**

**JEFFERSON CAPITAL SYSTEMS, LLC,**

                          **Defendant.**
_____

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer for the

violation by Defendant Jefferson Capital Systems, LLC of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to

be collected by Jefferson Capital Systems, LLC was an alleged consumer credit card debt

of Plaintiff Diane Tanner to pay money allegedly arising out of a transaction in which the

money, property, insurance or services which were the subject of the transaction were

primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §

1367.  Venue in this District is proper in that the Defendants transact business here and

the conduct complained of occurred here.

## PARTIES

3.      Plaintiff Diane Tanner ("Tanner") is a natural person residing in the

County of Monroe, State of New York.

4.      Upon information and belief, Defendant Jefferson Capital Systems, LLC ("Jefferson"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.      Jefferson is a debt collector as defined by 15 U.S.C. § 1692a(6) as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

6.      Tanner qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## FACTUAL ALLEGATIONS

7.      On or about February 20, 2018, debt buyer Jefferson filed an application for a default judgment with the Rochester City Court Clerk in a collection action entitled *Jefferson Capital Systems, LLC v. Diane Tanner*, Rochester City Court, Monroe County, Index No. CV-010157-17/RO.  Jefferson's attorney's affirmation alleged an amount due of $1,192.19 (including costs and disbursements) and cited the failure of Tanner to appear or interpose an answer in the collection action as the reason for the default.

8.      A default judgment by the Rochester City Court Clerk was entered in Rochester City Court against Tanner on or about February 28, 2018 and recorded in the Monroe County Clerk's Office on July 3, 2018 based on the application submitted by Jefferson.   The judgment has been a matter of public record in these two locations from the time of entry on February 28, 2018 and recording on July 3, 2018, respectively.

9.    Tanner was not represented by an attorney in the collection action.

10.    The application for default judgment by Jefferson was part of Jefferson's attempt to collect a debt allegedly owed by Tanner.

11.    In order to obtain a default judgment against Tanner, Jefferson was required pursuant to New York Civil Procedure Law and Rules (CPLR) § 3215(a) to make an application to the Clerk of Rochester City Court.  In making such an application, Jefferson also had to meet the requirements of 22 NYCRR § 210.14-a.  According to 22 NYCRR §§ 210.14-a(d), Jefferson, as a debt buyer, was required to submit with its application for a default judgment "the Affidavit of Facts and Purchase of Account by Debt Buyer Plaintiff, the Affidavit of Facts and Purchase of Account by Original Creditor and, if applicable, the Affidavit of Facts and Purchase of Account by Debt Seller for each debt seller who owned the debt prior to the plaintiff."

12.    Pursuant to 22 NYCRR § 210.14-a(g), the foregoing affidavits are required to be supported by, among other documents, "the bill of sale or written assignment of the account, where applicable."  The Original Creditor Affidavit, as well as the Debt Seller Affidavit, each requires the appropriate bill of sale or written assignment of the account.

13.    The purpose of requiring exhibits pertaining to the assignment of the account from the original creditor and the debt seller is to insure that there is admissible evidence proving that Jefferson actually owned the debt on which it was seeking a default judgment.  The affidavits and other requirements of 22 NYCRR §§ 210.14-a were intended to ensure a fair legal process and address documented abuses, including entry of default judgments despite insufficient or incorrect factual proof, or hearsay testimony. See New York State Unified Court System at

https://ww2.nycourts.gov/rules/ccr/index.shtml#1.

14.     In an attempt to meet the foregoing requirements, Jefferson submitted the

following three affidavits in support of its application for default judgment:

- "Affidavit of Facts and Purchase of Account by Debt Buyer Plaintiff" with
  attached spreadsheet – see Exhibit 1, attached hereto;
- "Affidavit of Sale of Accounts by Original Creditor (Webbank)" with
  attached bill of sale – see Exhibit 2, attached hereto; and
- "Affidavit of Sale of Account by Debt Seller [Bluestem Brands, Inc.]" with
  attached bill of sale – see Exhibit 3, attached hereto.

15.     These affidavits with attachments were deceptive and in effect misrepresented

that Jefferson properly documented a viable chain of title demonstrating with admissible

evidence that it owned any debt on which Tanner was originally liable to Webbank.

16.     According to the "Affidavit of Facts and Purchase of Account by Debt Buyer"

("Debt Buyer Affidavit"), Exhibit 1, attached hereto, the alleged chain of title consisted

of the following assignments:

Webbank (original creditor) to Bluestem Brands, Inc. on 10/26/2016;
Bluestem Brands, Inc. to Jefferson Capital Systems, LLC on 10/28/2016.

(The Debt Buyer Affidavit also included an attached spreadsheet entitled "Excerpt from

Sale File Assigned to Jefferson Capital Systems, LLC pursuant to the bill of sale dated

10/28/2016" ("spreadsheet").  Exhibit 1, attached hereto.  No foundation for the

spreadsheet was provided in the Debt Buyer Affidavit, therefore, it is inadmissible

hearsay under New York law).

17.     The chain of title alleged in the Debt Buyer Affidavit conflicted with the

collection complaint (see Exhibit 4, attached hereto), which alleged that there was one

assignment by Webbank directly to Jefferson on 10/17/2016.  Bluestem Brands, Inc. was

not included in the chain of title in the collection complaint, and in addition, the alleged

date of assignment in the collection complaint fails to match either of the alleged
assignment dates set forth in the Debt Buyer Affidavit.  Therefore, the Debt Buyer
Affidavit refers to an assignment of an account other than the account alleged in the
collection complaint and is deceptive and misrepresents the chain of title for this reason.

18.    To attempt to satisfy the default judgment requirement of an affidavit by the
original creditor, Jefferson submitted the "Affidavit of Sale of Accounts by Original
Creditor or Acquirer (Webbank)" made by Steve Stanford sworn to October 26, 2016
("Original Creditor Affidavit").   Exhibit 2.  To attempt to comply with the requirement
that the appropriate bill of sale or assignment be attached to the Original Creditor
Affidavit, an alleged "Bill of Sale of Original Creditor or Acquirer (Webbank)" ("Bill of
Sale of Original Creditor") was attached to the Original Creditor Affidavit.  Exhibit 2.

19.    The Original Creditor Affidavit contains no reference whatsoever to any
account on which Tanner was liable to anyone, and further, does not even refer to the
alleged Bill of Sale of Original Creditor as an attachment.  Exhibit 2.  In any event, the
Bill of Sale of Original Creditor was inadmissible under New York law to show any
assignment of an account on which Tanner was liable for the following reasons:

a.  The Bill of Sale of Original Creditor did not identify any account on
which Tanner (or anyone else) was liable.  See Exhibit 2.   Although it
alleged that it assigned "certain Charged-Off Accounts described in
Schedule 1 attached hereto and made a part hereof for all purposes," no
such Schedule 1 was attached to this bill of sale.  Exhibit 2.  Thus, it was
deficient, incomplete and inaccurate pursuant to New York State law
because it could not be connected to the assignment of any account on

which Tanner was purported to be originally liable to Webbank.  As

such, rather than representing the assignment of an account on which

Tanner was liable, it was no more than a generic bill of sale unconnected

to any specific account.

b.  The Bill of Sale of Original Creditor (Exhibit 2) stated that it was

subject to the terms and conditions of the "Charged-off Purchase

Agreement" between Webbank and Bluestem Brands, Inc. dated January

10, 2013.  However, this Charged-Off Purchase Agreement was not

included as an attachment to the Original Creditor affidavit with the

default judgment application, even though it specifically contains terms

and conditions of the alleged assignment, which are required by 22

NYCRR § 210.14-a(g) to be attached to the Original Creditor Affidavit.

The reference to the Agreement was hearsay.  Therefore, this

assignment documentation was deficient, inaccurate and incomplete for

this reason as well.

c.  Since the Bill of Sale of Original Creditor (Exhibit 2) failed to show any

assignment of an account on which Tanner was liable, the chain of title

was broken before any assignment to Bluestem Brands, Inc.

d.  The Original Creditor Affidavit failed to even refer to the attached Bill

of Sale of Original Creditor, and therefore provided no foundation for its

admissibility as a business record.  Exhibit 2.

e.  The Original Creditor Affidavit, as well as the Bill of Sale of Original

Creditor, allege that Webbank assigned an account to Bluestem Brands,

Inc. on October 26, 2016, but this conflicts with the chain of title set
forth in the collection complaint (Exhibit 4), which alleged one
assignment from Webbank directly to Jefferson on June 15, 2016.
Therefore, the Original Creditor Affidavit, as did the Debt Buyer
Affidavit, alleged an irrelevant chain of title, creating a further
misrepresentation and deception.

20.    In light of the foregoing, Jefferson in effect materially misrepresented that the
Original Creditor Affidavit with attached Assignment and Bill of Sale constituted true,
complete and correct documentation demonstrating an assignment of an account on
which Tanner was originally liable to Webbank from Webbank to Bluestem Brands,
since not only is this chain of title irrelevant, but even assuming it was relevant, it is not
admissible to show such assignment.

21.    To attempt to satisfy the affidavit of debt seller requirement, Jefferson
submitted with its default application an "Affidavit of Sale of Account by Debt Seller"
made by Rick Winship sworn to October 28, 2016 ("Debt Seller Affidavit").  Attached to
the Debt Seller Affidavit was an alleged "Assignment and Bill of Sale."  The Debt Seller
Affidavit with the attached Assignment and Bill of Sale are attached to this Complaint as
Exhibit 3.

22.    The Debt Seller Affidavit failed to identify any individual account that was
allegedly assigned from Bluestem Brands, Inc. to Jefferson, instead referring only to the
sale of a "pool of charged-off accounts."  *See* Exhibit 2.  Further, the Debt Seller
Affidavit failed to even refer to the attached Assignment and Bill of Sale.  In any event,
the alleged Assignment and Bill of Sale attached to the Debt Seller Affidavit was

7

deficient, incomplete and contained inadmissible hearsay as follows:

    a.  The Assignment and Bill of Sale did not identify any account on which Tanner (or anyone else) was liable.  Exhibit 3.   Thus, it was deficient, incomplete and inaccurate because it could not be connected to the assignment of any account on which Tanner was purported to be originally liable to Webbank.  Although it referred to "Accounts and Receivables, described in Schedule 1 hereto," no Schedule 1 is attached.

    b.  The Assignment and Bill of Sale stated that it was subject to the terms and conditions of the "Purchase Agreement dated February 29, 2016 for the sale of Accounts and Receivables described in Schedule 1 hereto (the "Purchased Accounts") to Jefferson Capital Systems, LLC ("Buyer") upon the terms and conditions set forth in that Agreement." Exhibit 3.   However, this Purchase Agreement is not attached to the Debt Buyer Affidavit, even though it specifically contains terms and conditions of the alleged assignment, which are required by 22 NYCRR § 210.14-a(g) to be attached to the Debt Seller Affidavit.  The reference to the Agreement was hearsay.  Therefore, the assignment documentation was inaccurate, deficient and incomplete for this reason as well.

    c.  The Debt Buyer Affidavit failed to even refer to the attached Assignment and Bill of Sale, and therefore provided no foundation for its admissibility as a business record.  Exhibit 3.

    d.  The Debt Seller Affidavit, as well as the attached Assignment and Bill

of Sale, allege that Bluestem Brands, Inc. assigned an account to Jefferson on October 28, 2016 (Exhibit 3) but this conflicts with the chain of title set forth in the collection complaint (Exhibit 4), which alleged one assignment from Webbank directly to Jefferson on October 17, 2016.  Therefore, the Original Creditor Affidavit, as did the Debt Buyer Affidavit, alleged an irrelevant chain of title.

23.    Further, the Assignment and Bill of Sale is allegedly from "Bluestem Brands, Inc., for itself and as agent for Santander Consumer U.S.A. ("SCUSA") collectively ("Seller")" to Jefferson.  *See* Exhibit 3.  The Debt Seller Affidavit alleges that Santander Consumer U.S.A. is also an owner of accounts allegedly assigned to Jefferson.  *Id*. However, there is no affidavit with attached assignment documentation that shows an assignment into Santander Consumer U.S.A. from Webbank or anyone else.  Therefore, even if the chain of title set forth in the Original Creditor Bill of Sale and the Assignment and Bill of Sale were relevant, the absence an affidavit and bill of sale into Santander Consumer U.S.A. is fatal to the chain of title alleged in those assignment documents. Without an assignment into Santander Consumer U.S.A. there is a critical break in the chain of title.

24.    In light of the foregoing, the Debt Seller Affidavit (with the attached Assignment and Bill of Sale) in effect materially misrepresented that there was admissible evidence to support an assignment of an account on which Tanner was originally liable to Webbank, from Bluestem Brands on behalf of itself and Santander Consumer U.S.A. to Jefferson, even assuming that chain of title were relevant, which it is not.

**25.**   Jefferson's materially false, deceptive and misleading statements in its default judgment application must be viewed from the perspective of an unsophisticated consumer.  The unsophisticated consumer standard is objective and pays no attention to the circumstances of the particular debtor in question and asks only whether the hypothetical least sophisticated consumer could reasonably interpret the representation in a way that is inaccurate.  Specifically, Jefferson misrepresented for purposes of the default judgment that it owned a credit card account debt on which Tanner was purported to be originally liable to Webbank.  This deceptive representation of the owner of a debt could easily mislead the least sophisticated consumer as to the nature and legal status of the debt, and impede the consumer's ability to respond to the default judgment application.

**FIRST CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e and 1692e(2)(A)**

26.   Tanner repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

27.   Jefferson violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Jefferson also violated § 1692e(2)(A), which prohibits the false representation of the character, amount or legal status of any debt.  Jefferson misrepresented an irrelevant chain of title in the Original Creditor Affidavit and the Debt Seller Affidavit.  In addition, even assuming that the chain of title alleged in these affidavits were relevant, Jefferson failed to provide admissible evidence in the form of assignment documentation to support the alleged assignments from Webbank to

Bluestem Brands, and from Bluestem Brands to Jefferson.  Moreover, an assignment into Santander Consumer U.S.A. that was critical to the chain of title was ignored by Jefferson in its default judgment application.

28.    The deceptions and misrepresentations set forth in the Debt Buyer Affidavit, the Original Creditor Affidavit, and the Debt Seller Affidavit in support of the default judgment application to Rochester City Court are actionable pursuant to the FDCPA whether intentional or not.

29.    Tanner suffered concrete injury as a result of Jefferson's violations of the FDCPA set forth in this complaint.  The FDCPA protects debtors against abusive debt collection practices by debt collectors.  Section 1692e protects a consumer's ability to fully avail herself of her legal rights by prohibiting debt collectors from deceiving or misleading debtors in the course of collecting a debt.  In addition, the failure to provide Tanner with truthful information with regard to the legal status of the assignments is also a concrete injury.  Moreover, Section 1692f protects debtors from unfair or unconscionable debt collection practices, the violation of which is also a concrete injury.

**SECOND CLAIM  – VIOLATIONS OF 15 U.S.C. § 1692e(5)**

30.    Tanner repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

31.    Jefferson violated 15 U.S.C. § 1692e(5) by threatening in the default judgment application to take action that cannot be legally taken.  Specifically, Jefferson threatened to take a default judgment on the alleged debt against Tanner, including costs and interest, despite the fact that Jefferson could not prove with the documentation in

support of the default judgment that it owned the Tanner debt.

32.   Tanner suffered concrete injury (see paragraph 29, above).

**THIRD CLAIM  – VIOLATIONS OF 15 U.S.C. § 1692e(10)**

33.   Tanner repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

34.   Jefferson violated 15 U.S.C. § 1692e(10) by misrepresenting that the assignment documentation attached to the Original Creditor and Debt Buyer Affidavits was admissible to show that Jefferson owned a debt on which Tanner was allegedly liable on which it was seeking default judgment.

35.   Tanner suffered concrete injury (see paragraph 29, above).

**FOURTH CLAIM  – VIOLATION OF 15 U.S.C. § 1692f**

36.   Tanner repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

37.   It is provided in 15 U.S.C. § 1692f, in relevant part: "Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

38.   Jefferson violated § 1692f by unfairly and unconscionably representing in the Original Creditor and Debt Seller Affidavits that it was providing valid assignment documentation evidencing the assignment of a debt on which Tanner was allegedly liable from Webbank to Bluestem Brands to Jefferson, when in fact such alleged assignments failed to meet the requirements of New York State law, and in addition failed to establish a link in the chain of title into Santander Consumer U.S.A.

39.   Tanner suffered concrete injury (see paragraph 29, above).

**FIFTH CLAIM – DECEPTIVE PRACTICES UNDER NEW YORK LAW**

40.     Plaintiff repeats and realleges the foregoing allegations of the complaint.

41.     As stated above, Jefferson filed an application for a default judgment against Tanner based on the material misrepresentations that Jefferson properly documented the assignments from Webbank to Bluestem Brands to Jefferson of a debt Tanner was alleged to be originally liable to Webbank, and also deceptively failed to document any assignment into Santander Consumer U.S.A.

42.     The foregoing deceptive acts and practices in the conduct of its debt collection business with regard to Tanner violated New York General Business Law §349, thereby causing damages to Tanner.

43.     New York General Business Law §349(a) provides as follows: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

44.     Jefferson's deceptive conduct was consumer oriented in that it engaged in deceptive collection activities against Tanner with respect to an alleged consumer debt, and which could affect the public at large.  In fact, Jefferson engages in collecting consumer debts with regard to numerous other residents of New York in the public at large.

45.     Jefferson's practices were deceptive and misleading in a material way. The deceptive practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

46.     As a result of Jefferson's deception, Tanner suffered actual concrete

injuries consisting of the right to truthful information with regard to the assignment documentation, Jefferson's deceptive collection practices, the right to fully avail herself of her legal rights by prohibiting debt collectors from deceiving or misleading debtors in the course of collecting a debt, and the right to proper documentation in accord with CPLR 3215 and 22NYCRR § 210.14-a.

47.     Plaintiff is also entitled to an award of reasonable attorney fees for prosecuting this action pursuant to §349 of the New York General Business Law.

48.     Plaintiff is entitled to punitive damages based on the egregious and unconscionable deceptive practices of Jefferson in pursuing default judgments on debts to which it cannot show ownership.  These deceptive practices clearly have the potential to affect the public at large.  Jefferson's conduct is so flagrant that it transcends mere carelessness.

49.     Tanner is entitled to treble damages up to $1,000.00 provided for under §349 of the New York General Business Law, since Jefferson's deception was willful and knowing.

50.     Tanner may also be entitled to statutory damages pursuant to §349 of the New York General Business Law.

51.     Tanner is entitled to injunctive relief directing Jefferson to abide by the rules for applying for a default judgment.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual and statutory damages in amounts to be determined by the Jury and/or Court in Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k.

B. Actual, statutory, treble and punitive damages in amounts to be determined by the Jury and/or Court in Plaintiff's State deceptive practices claim pursuant to New York State General Business Law § 349.

C. Injunctive relief pursuant to New York State General Business Law § 349 directing that Jefferson's applications for default judgments be made in accordance with CPLR § 3215(a) and 22 NYCRR § 210.14-a.

D. Costs and reasonable attorney fees on the FDCPA claims pursuant to 15 U.S.C. § 1692k.

E. Costs and reasonable attorney fees on the State deceptive practices claim pursuant to New York State General Business Law § 349.

F. Such other and further relief as may be just and proper.

Dated: December 13, 2018

## *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.


Respectfully submitted,

/s/ David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
401 Penbrooke Dr., Bldg. 2, Ste. B
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com

# EXHIBIT 1

CITY COURT OF THE CITY OF ROCHESTER
COUNTY OF MONROE
-------------------------------------X
JEFFERSON CAPITAL SYSTEMS, LLC
      Plaintiff,

  - Against -
DIANE TANNER

     Defendant(s).
-------------------------------------X

STATE OF MINNESOTA     )
                     ) SS:
COUNTY OF STEARNS     )

DAFT382402

XXXXXXXXXXXX4931
Index No. CV-010157-17/RO

AFFIDAVIT OF FACTS
AND PURCHASE OF ACCOUNT
BY DEBT BUYER PLAINTIFF

THE UNDERSIGNED, BEING DULY SWORN, DEPOSES AND SAYS:
1.    I am a member of JEFFERSON CAPITAL SYSTEMS, LLC ("plaintiff") and I have access to Plaintiff's books and records ("business records"), including electronic records, relating to the account ("account") of DIANE TANNER. The last four digits of the account number are 4931. In my position, I also have personal knowledge of plaintiff's procedures for creating and maintaining its business records, including its procedures relating to the purchase and assignment of consumer credit accounts. Plaintiff's business records were made in the regular course of business and it was the regular course of such business to make the business records. The business records were made at or near the time of the events recorded. Based on my knowledge of plaintiff's business records, I have personal knowledge of the facts set forth in this affidavit.
2.    On 10/28/2016, plaintiff purchased or was assigned the account from BLUESTEM BRANDS, INC. (the "purchase"). At that time, BLUESTEM BRANDS, INC. assigned all of its interest in the account, including the right to any proceeds from the account, to plaintiff. As part of the purchase, business records relating to the account were transferred to plaintiff. Following the purchase, those business records were maintained in the ordinary course of plaintiff's business.
3.    As set forth in the affidavit(s) of WEBBANK and BLUESTEM BRANDS, INC., submitted herewith, the complete chain of title, with the date of each sale or assignment of the account, is as follows:
    A.    WEBBANK 10/26/2016
    B.    BLUESTEM BRANDS, INC. 10/28/2016
4.    At this time, Defendant owes $991.19 on the Account. This amount includes the charge-off balance of $991.19, post-charge-off interest of $0.00, and post-charge-off fees and charges of $0.00, less post-charge-off credits or payments made by or on behalf of the Defendant of $0.00.

WHEREFORE, deponent demands judgment against Defendant for $991.19, together with the costs and disbursements of this action.

The above statements are true and correct to the best of my personal knowledge.

Dated: _1-24-18_
Sworn to and Signed before me this

24 day of January, 2018

_Jamie Clark_
Notary Public

By: _Joan Weiman_

_Joan Weiman_
Print Name

FORSTER & GARBUS ATTYS FOR PLAINTIFF
60 MOTOR PARKWAY, COMMACK NY 11725
631-393-9400        1/08/18

JAMIE LYNN CLARK
Notary Public - Minnesota
My Commission Expires Jan. 31, 2022

**CERTIFICATE OF
CONFORMITY**

I, Peter Williams, an attorney at law of the State of Minnesota, who resides in the State

of Minnesota and is fully acquainted with the laws of the State of Minnesota pertaining

to the acknowledgment or proof of deeds of real property to be recorded therein, do

hereby certify that I am duly qualified to make this certificate of conformity pursuant to

Section 299-a of the Real Property Law of the State of New York and hereby certify

that the acknowledgment or proof upon the foregoing document was taken by

Jamie Lynn Clark, a Notary Public in the State of Minnesota, in the manner prescribed

by the laws of the State of Minnesota and conforms to the laws thereof in all respects.

IN WITNESS WHEREOF, I have hereunto set my signature this

25th day of January 2018.

Peter D. Williams
Attorney-at-Law for the State of Minnesota
16 McLeland Road, St. Cloud, MN 56303
Ph: (320) 229-8554
Attorney ID # 0392540

Excerpt from Sale File Assigned to Jefferson Capital Systems, LLC
Pursuant to the bill of sale dated 10/28/2016

| Name | Social Security Number | Account Number | Seller Account Number | Open Date |
|---|---|---|---|---|
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | 2/28/2015 |
| DIANE TANNER | XXX-XX-9011 | XXXXXXXXXXXXX4931 | XXXXXXXXXXXX1140 | 2/28/2015 |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |

LEGEND: [Redacted] Indicates that all data for these records is redacted to protect other Consumers who were Included in the same sale file but not part of the current action. Social Security Number, Account Number, and Seller Account Number information is masked to present only the last four characters in order to protect Consumer Information.

JCAP Reference # : 3339091702

Purchased Pool Reference ID: DELQ 1036 BSSINC 201610

Excerpt from Sale File Assigned to Jefferson Capital Systems, LLC

Pursuant to the bill of sale dated 10/28/2016

| Charge Off Date | Charge Off Amount | Purchased Balance | Last Payment Date | Last Payment Amount |
|---|---|---|---|---|
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| 10/11/2016 | $991.19 | $991.19 | 2/19/2016 | $176.96 |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |
| [Redacted] | [Redacted] | [Redacted] | [Redacted] | [Redacted] |

LEGEND:   [Redacted] indicates that all data for these records is redacted to protect other Consumers who were included in the same sale file but not part of the current action. Social Security Number, Account Number, and Seller Account Number information is masked to present only the last four characters in order to protect Consumer information.

Excerpt from Sale File Assigned to Jefferson Capital Systems, LLC
Pursuant to the bill of sale dated 10/28/2016

| Co Borrower Name | Original Creditor |
|---|---|
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | WEBBANK |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |
| [Redacted] | [Redacted] |

LEGEND: [Redacted] indicates that all data for these records is redacted to protect other Consumers who were included in the same sale file but not part of the current action. Social Security Number, Account Number, and Seller Account Number information is masked to present only the last four characters in order to protect Consumer Information.

JCAP Reference # : 3339091702

Page 3 of 3

Purchased Pool Reference ID: DELQ 1036 BSBINC 2Q1610

# EXHIBIT 2

**FINGERHUT FORWARD FLOW**
**SCUSA RECEIVABLES**

**EXHIBIT D**
AFFIDAVIT OF SALE OF ACCOUNTS BY ORIGINAL CREDITOR OR ACQUIRER (WEBBANK)

**STATE OF UTAH**
**COUNTY OF SALT LAKE**

Steve Stanford, being duly sworn, deposes and says:

1.  I am over 18 and not a party, nor employed by a party, to the sale of certain accounts by Bluestem Brands, Inc. to Jefferson Capital Systems LLC. I am Controller of WebBank. In that capacity, I am aware of the process of the sale and assignment of electronically stored business records.
2.  WebBank owned certain accounts and instructed its servicer, Bluestem Brands, Inc., to maintain and record certain information in the records as they relate to such accounts. I am authorized to make the statements and representations set forth in this affidavit on behalf of WebBank. The statements set forth herein are true and correct based on my personal knowledge, my review of the business records of WebBank, or representations made by Bluestem Brands, Inc.
3.  My duties include having knowledge of, and access through WebBank's servicer, Bluestem Brands, Inc., to certain business records relating to the Accounts (as defined below). These records are kept by WebBank's servicer, Bluestem Brands, Inc., on behalf of WebBank in the regular course of business.
4.  On or about October 26, 2016, WebBank ("Transferor") transferred (or caused to be transferred) or otherwise conveyed certain charged-off accounts (the "Accounts") to Bluestem Brands, Inc. ("Transferee"). Pursuant to the related bill of sale for such Accounts, Transferor transferred, assigned, and conveyed to Transferee and its successors and permitted assigns, all right, title and interest the Transferor held in the Accounts free and clear of any lien created by Transferor, except for any interest of Transferee and its affiliates.
5.  Bluestem Brands, Inc. was the servicer of the Accounts from the origination of the Accounts through October 26, 2016. In its role as servicer of the Accounts, during the period WebBank owned the Accounts, Bluestem Brands, Inc. kept and maintained business records on behalf of WebBank in the regular course of business, and it was in the regular course of business of Bluestem Brands, Inc. for an employee or representative with personal knowledge of the act, event condition or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records at or near the time of occurrence.
6.  The above statements are true to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

Signed this ___6___ day of October, 2016.

_Steve Stanford_
Steve Stanford
WebBank

JARED E McMULLIN
Notary Public - State of Utah
Comm. No. 681107
My Commission Expires on
Oct 4, 2020

Subscribed and sworn to before me this ___14___ day of October, 2016, by Steve Stanford, an employee of WebBank.

_Notary Public_
Notary Public

**CERTIFICATE OF CONFORMITY**

**STATE OF UTAH**
**CITY OF SALT LAKE**

I am a member of the Utah State Bar and licensed to practice law in the State of Utah. The form of the foregoing sworn statement and the form of the notary certificate each complies with the laws of the State of Utah, which is the state in which the statement is given, and if properly sworn and executed qualifies as a valid and effective affidavit in the State of Utah.

___10/26/16___
Date

_Attorney at law in the State of Utah_
Attorney at law in the State of Utah

FINGERHUT FORWARD FLOW
SCUSA RECEIVABLES

**EXHIBIT F**
**BILL OF SALE OF ORIGINAL CREDITOR OR ACQUIRER (WEBBANK)**

FOR VALUE RECEIVED, and subject to the terms and conditions of the Charged-Off Account Purchase Agreement ("Account Purchase Agreement") between WebBank ("Bank") and Bluestem Brands, Inc., dated January 10, 2013, Bank does hereby transfer, assign and convey to Bluestem Brands, Inc., as of the date hereof all right, title and interest of Bank in and to those certain Charged-Off Accounts described in Schedule 1 attached hereto and made a part hereof for all purposes. Terms used herein shall have the meanings set forth in the Account Purchase Agreement.

This BILL OF SALE is executed without recourse and without representation of any warranty of collectability or otherwise, expressed or implied.

Dated this _2L_ day of October, 2016.

WEBBANK

By: _____

Name: Steve Stanford

Title: Controller

# EXHIBIT 3

*Execution Version*

## EXHIBIT E

### AFFIDAVIT OF SALE
### OF ACCOUNT
### BY DEBT SELLER

State of Minnesota,
County of Hennepin.

Rick Winship being duly sworn, deposes and says:

I am over 18 and not a party to this action. I am the SVP, Credit Operations, Credit Management, Inc., ("Bluestem"). In that capacity, I am a custodian of certain books and records of Bluestem and certain of its subsidiaries and affiliates (altogether, "Debt Seller"), and am aware of the process of the sale and assignment of electronically stored business records.

Bluestem owns certain accounts, and maintains and records information in the records as they relate to such accounts. I am authorized to make the statements and representations set forth in this affidavit on behalf of Bluestem. Bluestem is the agent of Santander Consumer U.S.A. ("SCUSA"). SCUSA owns certain receivables associated with the accounts, and Bluestem maintains and records information in the records as they relate to such receivables. I am authorized to make the statements and representations set forth in this affidavit on behalf of SCUSA. The statements set forth herein are true and correct to the best of my knowledge, information, and belief, based on either personal knowledge or review of the business records of the Bluestem.

As a custodian of records for Bluestem my duties include having knowledge of, and access to, business records relating to the Accounts and Receivables (as defined below). These records are kept by Bluestem in the regular course of business, and it was in the regular course of business of Bluestem for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records were made at or near the time of the act and/or event recorded or reasonably soon thereafter.

On October 28, 2016, Bluestem sold a pool of charged-off accounts (the "Accounts") by a Purchase and Sale Agreement and a Bill of Sale to Jefferson Capital Systems, LLC ("Buyer"). WebBank had previously sold, assigned and conveyed the Accounts to Bluestem pursuant to a Charged Off Account Purchase Agreement, dated January 10, 2013 (the "WebBank Agreement"). The original creditor was CIT Bank for accounts originated between September 29, 2003 and February 16, 2010; MetaBank for accounts originated between February 17, 2010 and June 30, 2012 or WebBank for accounts originated between July 1, 2012 and the present. MetaBank previously sold, assigned and conveyed to WebBank the Accounts originated prior to July 1, 2012, pursuant to an Account Transfer Agreement dated June 28, 2012 (the "MetaBank Agreement"). CIT previously sold, assigned and conveyed the Accounts originated prior to February 17, 2010, to MetaBank pursuant to an Account Transfer Agreement dated February 5, 2010 (the "CIT Agreement"). Copies of the Bills of Sale associated with each of the WebBank Agreement, MetaBank Agreement and CIT Agreement are attached to this Affidavit.

On October 28, 2016, Bluestem sold the receivables associated with the Accounts (the "Receivables") by a Purchase and Sale Agreement and a Bill of Sale to Buyer. Bluestem has all rights and authority to sell, assign and convey said Receivables to Buyer as agent for SCUSA pursuant to a Program Agreement dated April 19, 2013.

7

FINOBRHUT/SCU3A RECEIVABLES (Jefferson Capital: 2/16 to 1/17 closings)                     *Execution Version*

Pursuant to the sale, Debt Seller sold, transferred, assigned, conveyed, granted, bargained, set over and delivered to Buyer and its successors and assigns, good and marketable title to the Accounts and the Receivables and any unpaid balance free and clear of any encumbrance, equity, lien, pledge, charge, claim or security interest. I am not aware of any errors in the Accounts or the Receivables.

In connection with the sale of the Accounts and the Receivables, electronic and other records were transferred to or otherwise made available to the Buyer (the "Transferred Records"). The Transferred Records are kept by Bluestem in the regular course of business, and it was in the regular course of business of Bluestem an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records were made at or near the time of the act and/or event recorded or reasonably soon thereafter. To the extent that the Transferred Records include records that were prepared by a third party, they are records that were incorporated into the records of Bluestem as a business record and the accuracy of such records are relied upon by Bluestem in the regular course of business.

The above statements are true to the best of my knowledge.

Signed this 28 day of October, 2016,

Rick Winship
SVP, Credit Operations, Credit Management
Bluestem Brands, Inc.

Subscribed and sworn to before me this 28 day of October 2016 by Rick Winship, SVP, Credit Operations, Credit Management of Bluestem.

Notary Public

> PRESTON PATRICK PIERCE
> Notary Public
> State of Minnesota
> My Commission Expires
> January 31, 2020

## CERTIFICATE OF CONFORMITY

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**

The undersigned does hereby certify that he/she is an attorney at law duly admitted to practice in the State of Minnesota and is a resident of Hennepin County, in the State of Minnesota; that he/she is a person duly qualified to make this certificate of conformity pursuant to the laws of the State of Minnesota; that the foregoing acknowledgment by Rick Winship named in the foregoing instrument taken before a notary in the State of Minnesota was taken in the manner prescribed by such laws of the State of Minnesota, being the State in which it was taken; and that it duly conforms with such laws and is in all respects valid and effective in such state.

10/28/16
Dated:

Attorney at law licensed in the State of Minnesota

8

FINGERHUT/SCUSA RECEIVABLES (Jefferson Capital: 2/16 to 1/17 closings)          *Execution Version*

## EXHIBIT B
### ASSIGNMENT AND BILL OF SALE

Bluestem Brands, Inc., for itself and as agent for Santander Consumer U.S.A. ("SCUSA") collectively ("Seller") has entered into a Purchase Agreement ("Agreement") dated, February 29, 2016 for the sale of Accounts and Receivables, described in Schedule 1 hereto (the "Purchased Accounts"), to Jefferson Capital Systems, LLC ("Buyer") upon the terms and conditions set forth in that Agreement.

This ASSIGNMENT AND BILL OF SALE is for the Purchased Accounts delivered by Seller to Buyer on October 17, 2016 with a Closing Date of October 28, 2016.

NOW, THEREFORE, for good and valuable consideration, Seller hereby sells, assigns and transfers to Buyer all rights, title and interest in each and every one of the Purchased Accounts described in the Agreement.

This ASSIGNMENT AND BILL OF SALE is executed without recourse or warranties except as stated and provided for herein and within the Agreement. All of the information contained in Seller's Accounts Information (a) constitutes Seller's own business records regarding the Purchased Accounts and (b) accurately reflects in all material respects the information about the Purchased Accounts in Seller's possession. All of Seller's Accounts Information has been kept in the regular course of Seller's business, and was made or compiled at or near the time of the event and recorded by (or from information transmitted by) a person (i) with knowledge of the data entered into and maintained in Seller's business records or (ii) who caused the data to be entered into and maintained in Seller's business records. It is the regular practice of Seller's business to maintain and compile such data.

Buyer and Seller agree that the Total Purchase Price shall be as stated in the Closing Statement, attached to the Agreement.

Capitalized terms used but not defined herein will have the meanings given them in the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 28 day of October, 2016.

Bluestem Brands, Inc.

By: _____
Name: Rick Winship
Title: SVP, Credit Operations, Credit Management

Bluestem Brands, Inc.
as Agent for Santander Consumer U.S.A.

By: _____
Name: Rick Winship
Title: SVP, Credit Operations, Credit Management

2

# EXHIBIT 4

V

CITY COURT OF THE CITY OF ROCHESTER ,     ,     INDEX #

COUNTY OF MONROE                                              SUMMONS
--------------------------------------------------
JEFFERSON CAPITAL SYSTEMS, LLC                    PLAINTIFF'S ADDRESS

                          PLAINTIFF, 16 MCLELAND RD
                                     ST CLOUD    MN 56303

        - AGAINST -

                                     DEFENDANT'S ADDRESSES
                                     169 NORTON VILLAGE LN
DIANE TANNER

                              DEFENDANT(S). ROCHESTER NY 14609-0000

--------------------------------  ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖  CV-010157-17/RO
CONSUMER CREDIT TRANSACTION                           Filed : 10/03/2017

                                     Jefferson Capital Systems, LLC
                                              -against-
                                           Diane Tanner


             COUNTY OF RESIDENCE OF DEFENDANT -      MONROE
             COUNTY WHERE TRANSACTION TOOK PLACE -   MONROE
TO THE ABOVE NAMED DEFENDANT(S): DIANE TANNER

YOU ARE HEREBY SUMMONED AND REQUIRED TO APPEAR IN THE
CITY COURT OF THE CITY OF ROCHESTER
COUNTY OF MONROE
99 EXCHANGE BLVD              ROCHESTER NY
BY SERVING AN ANSWER* TO THE ANNEXED COMPLAINT UPON PLAINTIFFS ATTORNEY,
AT THE ADDRESS STATED BELOW, OR IF THERE IS NO ATTORNEY, UPON THE
PLAINTIFF, AT THE ADDRESS STATED ABOVE WITHIN THE TIME PROVIDED BY LAW
AS NOTED BELOW;

UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE
RELIEF DEMANDED IN THE COMPLAINT, TOGETHER WITH THE DISBURSEMENTS OF
THIS ACTION.
DATED THE  7 DAY OF SEPTEMBER, 2017

                                     FORSTER & GARBUS LLP BY
    FILE NO.                          ATTY(S) FOR PLTF
DAFT382402                            60 MOTOR PARKWAY
ORIG CRED: WEBBANK                    COMMACK NY 11725
ORIG ACCT# END IN: 4931              (631) 393-9400

NOTE: THE LAW PROVIDES THAT:
    (A) IF THIS SUMMONS IS SERVED BY ITS DELIVERY TO YOU PERSONALLY WITHIN
THE COUNTY OF MONROE        YOU MUST APPEAR AND ANSWER WITHIN 10 DAYS AFTER
SUCH SERVICE: OR
    (B) IF THIS SUMMONS IS SERVED BY DELIVERY TO ANY PERSON OTHER THAN YOU
PERSONALLY, OR IS SERVED OUTSIDE THE COUNTY OF MONROE       , OR BY PUBLI-
CATION, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE
COUNTY OF MONROE       YOU ARE ALLOWED 30 DAYS AFTER SERVICE IS COMPLETE
WITHIN WHICH TO ANSWER.

* YOU NEED NOT PHYSICALLY GO TO THE COURT TO SERVE AN ANSWER.



DEFENDANT'S POB:

CITY COURT OF THE CITY OF ROCHESTER
COUNTY OF MONROE                                          FORMAL COMPLAINT

-------------------------------------------------

JEFFERSON CAPITAL SYSTEMS, LLC

                                    PLAINTIFF,

            - AGAINST -

DIANE TANNER

                                    DEFENDANT(S).

-------------------------------------------------

PLAINTIFF, BY ITS ATTORNEY(S), COMPLAINING OF THE DEFENDANT(S), UPON
INFORMATION AND BELIEF, ALLEGES:
1.   THAT THE DEFENDANT(S) RESIDES IN THE CITY IN WHICH THIS ACTION IS
BROUGHT; AND THAT THE DEFENDANT(S) TRANSACTED BUSINESS WITHIN THE COUNTY
IN WHICH THIS ACTION IS BROUGHT IN PERSON OR THROUGH HIS AGENT AND THAT
THE INSTANT CAUSE OF ACTION AROSE OUT OF SAID TRANSACTION
2.   ON INFORMATION AND BELIEF THE DEFENDANT IN PERSON OR THROUGH
AN AGENT MADE CREDIT CARD PURCHASES UNDER A CREDIT AGREEMENT
AT DEFENDANT'S REQUEST - A COPY OF WHICH WAS FURNISHED TO
DEFENDANT. PLAINTIFF, AS PURCHASER OF THIS ACCOUNT, WHICH WAS ORIGINALLY
OWNED BY THE BELOW CREDITOR, PURCHASED IT FOR VALUE. THE DEFENDANT WAS NOTIFIED
OF SAME.
3.   THERE REMAINS AN AGREED BALANCE ON SAID ACCOUNT OF $       991.19    ,DUE AND
OWING ON PLAINTIFF'S CAUSE OF ACTION. NO PART OF SAID SUM HAS BEEN PAID ALTHOUGH
DULY DEMANDED.
4.   DEFENDANT(S) IS IN DEFAULT AND DEMAND FOR PAYMENT HAS BEEN MADE.
5.   PLAINTIFF, AS OWNER, IS AUTHORIZED TO PROCEED WITH THIS ACTION.
CHAIN OF TITLE:
JEFFERSON CAPITAL SYSTEMS, LLC who purchased this account from WEBBANK on
10/17/2016.

DEFAULT DATE 10/11/2016. ORIGINAL CREDITOR: WEBBANK
ORIGINAL ACCOUNT NUMBER ENDING IN: 4931
ON INFORMATION AND BELIEF THE CAUSES OF ACTION ASSERTED THEREIN ARE NOT
OUTSIDE OF THE APPLICABLE STATUTE OF LIMITATIONS FOR ENFORCING THE DEBT.

THERE IS NOW DUE PLAINTIFF FROM DEFENDANT(S) THE AMOUNT SET FORTH IN
THE COMPLAINT, NO PART OF WHICH HAS BEEN PAID, ALTHOUGH DULY DEMANDED.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT(S) FOR THE SUM OF
      991.19 WITH INTEREST THEREON FROM THE  8 DAY OF AUGUST    , 2017,
TOGETHER WITH THE DISBURSEMENTS OF THIS ACTION

UNDERSTAND THAT ANY INFORMATION WE            FORSTER & GARBUS LLP
OBTAIN WILL BE USED FOR THE PURPOSE           ATTORNEY(S) FOR PLAINTIFF
OF ATTEMPTING TO COLLECT THIS DEBT.           60 MOTOR PARKWAY
                                              COMMACK, NY 11725

DATED: THE  7 DAY OF SEPTEMBER, 2017

_____

VALERIE E. WATTS  JOEL D. LEIDERMAN  TESS E. GUNTHER

PURSUANT TO PART 130-1.1-a OF THE RULES OF THE
CHIEF ADMINISTRATOR THIS SIGNATURE APPLIES
TO THE ATTACHED SUMMONS AND COMPLAINT
DAFT382402